## DOLAN v. REVOL

___

(July 2, 1928.   Opinion and Decree.)

___

(*Syllabus by the Court*)

1. Louisiana  Digest—Obligations—Par.  1, 74.

Agreements legally entered into have the effect of laws on those who have formed them.

Appeal from First District Court.   Hon. Val J. Stentz, Judge.

Action by Edward P. Dolan against Gus D. Revol.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

B. Y. Wolf, of New Orleans, attorney for plaintiff, appellee.

Chas. McCabe, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J.   This is a suit for commissions on sales of automobiles.

Plaintiff alleged that he was employed by the defendant as a salesman of automobiles by a written contract for a compensation of five per cent on all sales made by plaintiff.

I.   That on November 30, 1926, plaintiff sold to Geddes and Moss an automobile hearse for $5500 for which he is entitled to a commission of $275 less freight, leaving a balance due of $264.34.

II.   That on July 10, 1926, he sold to Harding an automobile for $2250 upon which he is entitled to a commission of $112.50, upon which he accepted a reduction of $25 on the representation of Revol that he was losing $200 on the sale; but that plaintiff has found the statement untrue, and now claims $25.

III.   That plaintiff sold to Can and Llopis an automobile for $450 upon which he is entitled to a commission of $22.50.

IV.   That plaintiff is also entitled to a commission of $294.90 for sales according to account rendered to him by Revol on December 31, 1926, upon which Revol has paid him $200, leaving a balance due of $94.90.

That all of said four commissions amount to $406.74; but that plaintiff owes defendant $130.85 for articles purchased from him by plaintiff and for work done, leaving a balance due plaintiff of $275.89.

The defendant admitted the employment of plaintiff, admitted the sale of the hearse, admits the sale of Can and Llopis but avers that they have not paid the price of this sale, admits the purchase of articles by plaintiff and work done for him, but denies all the other allegations of the petition.

Further answering defendant alleges:

I.   That for the sale of the hearse to Geddes and Moss it was verbally agreed that plaintiff's commission would be two and a half per cent commission for which he accepted credit, as in four other sales.

II.   That plaintiff also agreed to accept the reduction of $25 in the Harding sale, on account of certain concessions made to Harding and a loss to defendant of $162.55.

III. That Can and Llopis have not yet paid defendant the price of sale, and until then plaintiff is not entitled to any commission.

IV. That the plaintiff is entitled to $96.22 as a balance in full which defendant has offered to plaintiff who refused it.

There was judgment in favor of plaintiff for $250.89, comprising all his claims with the exception of the Harding item of $25.

The plaintiff, in his petition, alleges that he sold a hearse to Geddes and Moss. In his testimony, however, he admits that he did not sell the hearse to Geddes and Moss. He said:

"Mr. Moss came in on my floor-day and said: 'I am going to buy a hearse,' and I had been calling on Mr. Moss about two years and I had never talked hearse to him because I knew it was an agreement between the undertakers they were not going to buy any hearse and I took Mr. Moss into Mr. Revol's office and we wired the factory, etc."

Plaintiff's theory and his cause of action are that Moss came into the place of business of Gus D. Revol to buy a hearse on his "floor day," and that he is entitled to full commission on any sale made to a customer who came in on that day.

We think plaintiff's contract entitles him to the commission claimed by him.

It is the law of the case as to him and as to the defendant. C. C. 1901-1945. It stipulates:

"Prospects received during floor-day, not previously assigned, shall be given to the salesman on duty, and he shall be privileged to follow up said prospect for a period of 30 days from date of inquiry; at the end of which time, if in the opinion of Gus D. Revol, sufficient progress has not been made, Gus D. Revol, or one appointed by him, shall be privileged to reassign said prospect to another salesman in like manner."

The contention of the defendant is that the above clause refers alone to cases in which the prospect has applied to a salesman on duty and not to cases, as in this one, where the prospect has not applied to any salesman, but has applied directly to the employer with whom exclusively the sale was initiated and consummated.

We do not think this clause has this restricted meaning. We are of the opinion that the salesman on duty on his floor-day is entitled to a commission on any sale made to a prospect who has presented himself on his floor-day, whether the prospect applied to the salesman on duty or directly to the employer, and whether the employer initiated and consummated the sale.

C. C. 1956 (1951):

"When the intent of the parties is doubtful, the construction put upon it by the manner in which it has been executed by both, or by one with the express or implied assent of the other, furnishes a rule for its interpretation."

C. C. 1957 (1952):

"In a doubtful case the agreement is interpreted against him who has contracted the obligation."

C. C. 1958 (1953):

"But if the doubt or obscurity arises for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee."

The answer of the defendant and his argument differ materially.

His answer was as follows:

"That in the sale of Geddes and Moss under date of November 24th, 1926, it was specifically agreed verbally between plaintiff and respondent that plaintiff's commission would be two and a half per cent, and that the plaintiff accepted credit of the said commission at the rate of two and a half per cent and is now estopped from claiming an additional two and a half per cent."

In his brief defendant's attorney says:

"The defense of Gus D. Revol is as follows:
" 'That on the Geddes and Moss sale Dolan had nothing to do with same, that the said sale was closed by respondent himself, and that only for the reason that plaintiff had charge of the undertakers' territory Mr. Revol, as a matter of courtesy, allowed him two and a half per cent on the sale, that Dolan accepted the two and a half per cent commission and the matter was closed.' "

In other words, Revol's position is that he gave two and a half per cent commission or $137.50 to Dolan as a gratuity. Dolan says: "Revol would not give God a prayer." A donation is not presumed. Nemo facile praesumitur donare. 1 H. D. 487, N. E. 8. The delivery of a sum of money raises the presumption of the payment of a debt, rather than a donation. Succ. Hymel, 48 La. Ann. 737, 19 So. 742.

The burden was upon defendant to prove that plaintiff was not entitled to any commission, or that being entitled to one, he had agreed to accept one half of it. No one is presumed to give or to renounce a right. We think Revol has failed in his defense.

It is therefore ordered that the judgment herein be affirmed.